**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br><br>DELIA RESTO ADORNO<br><br><br><br><br>Debtor(s) | CASE NO. 07-03751<br>Chapter 13<br><br><br>Adversary No. 11-00252 |
| DELIA RESTO ADORNO<br><br><br>Plaintiff<br>vs.<br><br><br><br>COOPERATIVA AC NUESTRA SENORA, et. al.<br>Defendant | <br><br><br><br><br><br><br>FILED AND ENTERED ON 6/15/2012 |

<u>**OPINION AND ORDER**</u>

Before the Court is the amended motion to dismiss filed by codefendant, Luis Nazario Maldonado ("Defendant") (Dkt No. 28), and Plaintiff's opposition thereto (Dkt No. 37). Defendant predicates its request for dismissal on Plaintiff's purported failure to state a plausible claim in the complaint. For the reasons set forth below, Defendant's amended motion to dismiss is DENIED.

**I.      Factual Background**

Plaintiff is the debtor in a Chapter 13 case commenced before this Court on July 3, 2007. Case No. 07-03751-BKT13. Plaintiff filed the instant adversary complaint against codefendants

Cooperativa de Ahorro y Credito Nuestra Señora de la Candelaria ("Cooperativa") and Luis Nazario Maldonado, for willful violation of the automatic stay provisions of the Bankruptcy Code. In his motion to dismiss, Defendant essentially contends that all of his actions on behalf of Cooperativa, prior to May 12, 2012, were without knowledge of the bankruptcy case. Defendant argues that he became aware of the bankruptcy case on May 12, 2012, and no further action or activity was undertaken by him after this date. Defendant's main contention is that without actual knowledge of the filing of Plaintiff's bankruptcy case, his actions were not willful, hence, no violation of the automatic stay occurred.

On the other hand, Plaintiff asserts that Cooperativa was notified of the filing of the bankruptcy petition and had full knowledge that the automatic stay was in effect from the outset of the bankruptcy case. Notwithstanding the automatic stay provisions in place, on or around December 2010, Plaintiff was served with summons related to a state court collection action commenced by Cooperativa in October 2010. Defendant served as counsel for Cooperativa in said state court proceeding. Plaintiff avers that at the time she was served she notified the process server about her bankruptcy case. Plaintiff claims this constituted a second notice of the filing and existence of the bankruptcy case. Subsequently, Plaintiff received a copy of a motion requesting entry of default in the state court proceeding, she was notified of the entry of judgment by default, and finally received a request for writ and order of execution of the default judgment. It is at this point that Plaintiff sends notice directly to Defendant about the pendency of her bankruptcy case. This third notice took place on or around May 12, 2011.

Plaintiff contends that Defendant acquired knowledge of the bankruptcy case by way of, both: his client Cooperativa, and the process server acting as his agent. Even so, Defendant continued to actively pursue the state court judgment and execution of the same. Moreover,

Plaintiff asserts that after May 12, 2011, date in which Defendant accepts finally receiving notice and acquiring personal knowledge of the bankruptcy case, no actions were undertaken by Defendant to stay or dismiss the state court proceedings. These actions by Defendant, or lack thereof, purportedly violated the stay and inflicted upon Plaintiff the alleged damages.

## II. Dismissal standard

The complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); see also Grajales v. Puerto Rico Ports Authority, --- F.3d ----, 2012 WL 2126116 *2, (1st Cir. 2012). Dismissal of a complaint is inappropriate if the complaint satisfies this Rule 8(a)(2)'s requirement. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 11 (1st Cir. 2011). In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 US 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Katz v. Pershing, LLC, 672 F.3d 64, 72–73 (1st Cir.2012) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable . . ." Ashcroft v. Iqbal, at 678, 129 S. Ct. 1937, 1949. A well-pleaded complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely. Twombly, 550 U.S. at 556, 127 S.Ct. 1955.

On a motion to dismiss, however, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Thus, a plaintiff is not entitled to proceed perforce by virtue of allegations that merely parrot the elements of the cause of action. Ocasio-Hernandez v. Fortuno-

Burset, 640 F.3d, at 12 (citing Twombly, 550 U.S. at 555, 127 S.Ct. 1955)(internal citations omitted).

### III. Conclusion

Applying this test, the Court must conclude that the well-pleaded facts of the complaint give rise to a plausible inference that Plaintiff merits this Court's determination on the extent of Defendant's knowledge and resulting liability for breach of the automatic stay, if any. Once this threshold is surpassed, the Court will entertain Plaintiff's allegations on damages. Therefore, Defendant's motion to dismiss is hereby denied.

In San Juan, Puerto Rico this 15th day of June, 2012.

Brian K. Tester
U.S. Bankruptcy Judge